1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   EARLE WAYNE WHYGLE,              1: 08 CV 0052 AWI WMW HC

12                  Petitioner,       ORDER ADOPTING FINDINGS AND
13                                    RECOMMENDATIONS RE MOTION TO
         v.                           DISMISS PETITION FOR WRIT OF HABEAS
14                                    CORPUS

15   KEN CLARK, WARDEN,              [Doc. 6, 13]

16                  Respondent.
                                    /
17

18        Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28

19   U.S.C. Section 2254.   The matter was referred to a United States Magistrate Judge pursuant to 28

20   U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

21        On December 11, 2008,  the Magistrate Judge filed findings and recommendations that

22   recommended Respondent's motion to dismiss be granted because the petition was filed outside of

23   28 U.S.C. § 2244(d)(1)'s one year statute of limitations.  These findings and recommendations were

24   served on the parties and contained notice to the parties that any objections to the findings and

25   recommendations were to be filed within thirty days.  Petitioner did not file objections.   On January

26   13, 2008, Respondent filed a response to the findings and recommendations.

27

28

1       In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de

2   novo review of this case.     See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir.

3   1983).

4       As explained by Respondent in his response to the findings and recommendations, after the

5   completion of briefing in this case, the Ninth Circuit issued an opinion holding that Cunningham v.

6   California, 549 U.S. 270 (2007), did not announce a new rule, but it is retroactively applicable.

7   Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008).  As Respondent correctly explains, the Ninth

8   Circuit's decision makes no difference to the outcome of this case.  Under 28 U.S.C. §

9   2244(d)(1)(C), a petitioner's limitation period can run from "the date on which the constitutional

10  right asserted was initially recognized by the Supreme Court, if the right has been newly recognized

11  by the Supreme Court and made retroactively applicable to cases on collateral review".   Petitioner

12  has maintained that this accrual rule applies to him.  However, in Butler, the Ninth Circuit stated:

13  "Cunningham thus did not announce a new rule of constitutional law and may be applied

14  retroactively on collateral review."  Butler, 528 F.3d at 639.  Because Section 2244(d)(1)(C) only

15  allows a later accrual date if a right is newly established and the Ninth Circuit has found

16  Cunningham did *not* announce a new rule, Section 2244(d)(1)(C) is not applicable in Petitioner's

17  case.  Under the analysis of the procedural history of this case, correctly set forth in the findings and

18  recommendations, the statute of limitations began running on October 18, 1998, and expired long

19  before Petitioner filed his federal petition in this court on January 11, 2008.  As found by the

20  Magistrate Judge, none of Petitioner's six state court habeas corpus petitions were filed prior to the

21  expiration of the statute of limitations, thus none served to either toll or revive the limitations period.

22  Accordingly, the Magistrate Judge correctly concluded that this petition is barred by the statute of

23  limitations.

24      Petitioner may seek to appeal from the judgment of the court in this case.  Petitioner cannot

25  proceed on such an appeal absent a certificate of appealability.  The controlling statute, 28 U.S.C. §

26  2253, provides as follows:

27          (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge,
            the final order shall be subject to review, on appeal, by the court of appeals for the circuit in
28          which the proceeding is held.

1    (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a
     warrant to remove to another district or place for commitment or trial a person charged with a
2    criminal offense against the United States, or to test the validity of such person's detention
     pending removal proceedings.
3    (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not
     be taken to the court of appeals from--
4    (A) the final order in a habeas corpus proceeding in which the detention complained of arises
     out of process issued by a State court;  or
5    (B) the final order in a proceeding under section 2255.
     (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made
6    a substantial showing of the denial of a constitutional right.
     (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or
7    issues satisfy the showing required by paragraph (2).

8
          In the present case, the court finds no denial of a constitutional right.  Accordingly, a
9
     certificate of appealability will be denied.
10

11
          Based on the foregoing, it is HEREBY ORDERED  that:
12
     1.    The findings and recommendations issued by the Magistrate Judge on
13
           December 11,  2008, are adopted with the additions discussed above and with the exception
14
           of the Magistrate Judge's <u>Cunningham</u> analysis;
15
     2.    Respondent's motion to dismiss is GRANTED;
16
     3.    The petition for writ of habeas corpus is DISMISSED as barred by the statute of limitations;
17
     4.    A certificate of appealability is DENIED; and
18
     3.     The Clerk of the Court is directed to close this case.
19

20
     IT IS SO ORDERED.
21
     **Dated:     March 11, 2009**                    **/s/ Anthony W. Ishii**
22                                              CHIEF UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28